NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 12 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELENA L. HUGHEY, | No. 16-35894 |
| Plaintiff-Appellant, | D.C. No. 6:15-cv-01432-KI |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Garr M. King, District Judge, Presiding

Submitted September 10, 2018**

Before:     CLIFTON, N.R. SMITH, and CHRISTEN, Circuit Judges

Elena L. Hughey appeals the district court's decision affirming the

Commissioner of Social Security's denial of Hughey's application for disability

insurance benefits and supplemental security income under Titles II and XVI of the

Social Security Act.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and we affirm.

1.    "The ALJ has an affirmative responsibility to develop the record, particularly . . . where the claimant is unrepresented." *Celaya v. Halter*, 332 F.3d 1177, 1184 (9th Cir. 2003). However, this duty is triggered only when the evidence is ambiguous or the ALJ finds that the record is inadequate. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). If the duty is triggered, it can be discharged by "subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record." *Id.* Here, the evidence was adequate to review Hughey's impairments, and no inadequacy or ambiguity triggered the ALJ's duty to further develop the record. *See McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011) (concluding that the ALJ's duty to develop the record is only triggered by inadequate or ambiguous evidence).

There were no inadequacies or ambiguities in the record regarding Hughey's physical impairments. Hughey's epilepsy, breast cancer, vision issues, knee problems, body aches, leg pain and swelling, headaches, and fatigue were all discussed extensively in the record. To the extent Hughey's treating, examining, and non-examining physicians identified significant functional limitations, the ALJ took these limitations into account and his conclusions were supported by substantial evidence. *See Molina*, 674 F.3d at 1110 (explaining that we may only

reverse "if the ALJ's decision was not supported by substantial evidence" or applied the wrong legal standard).

As to Hughey's mental impairments, this case is not like *Webb v. Barnhart*, where the ALJ relied on a medical record which reflected "obvious vicissitudes in Webb's health" to deny his claim at Step 2. 433 F.3d 683, 687 (9th Cir. 2005). Here, the ALJ considered significant and generally consistent documentation of Hughey's mental health condition within a temporally connected record. As a result, the duty to further develop the record was not triggered. *See id.* Furthermore, the ALJ discharged any duty to develop the record regarding Hughey's mental health impairments by leaving the record open following the hearing. *See Tonapetyan*, 242 F.3d at 1150.

2.    The ALJ was not required to discuss evidence that was neither significant nor probative. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012). Ms. Strain's assessments were consistent with other evidence showing that Hughey's mental health impairments were adequately treated with medication and therapy, and that Hughey had managed her mental health impairments at work in the past. Further, Ms. Strain's assessments did not provide detail regarding Hughey's functional limitations caused by her mental impairments. Therefore, these assessments were not probative, and the ALJ's brief discussion of this evidence was acceptable. *See Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984)

16-35894

(The ALJ need not discuss all evidence in its decision, but must explain "why significant probative evidence has been rejected." (internal quotation marks omitted)).

Hughey's argument that the ALJ failed to discuss probative evidence from Dr. Cook lacks adequate specificity for this Court to review, because Hughey fails to identify any specific evidence in the record that the ALJ failed to discuss. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (explaining that this Court will not review issues when the claimant fails to brief them with any specificity).

**AFFIRMED.**